William F. Galvin *vs.* Rhode Island Co.

MAY 27, 1912.

Present: Dubois, C. J., Johnson, Parkhurst and Sweetland, JJ.

*(1)   Street Railroads.   Negligence.   Rear End Collisions.   Pleading*

A declaration which alleges that a car of defendant was moving in the same direction as the wagon in which plaintiff was being carried as a passenger; that plaintiff was in the exercise of due care; that he had no control over the driver of the wagon; that without any notice or warning defendant operated its car so negligently that it struck the wagon and threw plaintiff therefrom, injuring him, shows with sufficient clearness a rear end collision brought about by the negligence of defendant without warning of approach under such circumstances as to preclude plaintiff from stating more facts regarding it, and sets forth a *prima facie* case of actionable negligence. Whether plaintiff is obliged to negative by allegation and proof the negligence of the driver of the wagon is not decided.

Trespass on the Case for negligence. Heard on exceptions of plaintiff and sustained.

Parkhurst, J.   This is an action of the case for negligence brought by William F. Galvin against the defendant company for injuries received on Main street, in Pawtucket, on the twelfth day of August, A. D. 1910, about ten o'clock P. M.

The plaintiff, as alleged in the declaration, was riding as a passenger in an express wagon, driven by one Flora Gibbs, while the wagon was being driven in a northerly direction along Main street, the defendant company, by its servants, ran one of its cars along said Main street in a northerly direction after the wagon at high speed so that the car overtook and collided with the wagon in a violent

rear-end collision, throwing the plaintiff to the street, and causing the injuries complained of in the declaration.

In the Superior Court the defendant demurred to the declaration on the following grounds:

"1. That it does not appear in and by said plaintiff's declaration in what the alleged negligence of said defendant consists.

"2. That it does not appear in and by said declaration that said defendant was guilty of any negligence whatever."

This demurrer was heard before Mr. Justice Tanner, October 24th, 1911, and sustained.

The plaintiff duly excepted to the ruling sustaining the demurrer, and has alleged such ruling as error prejudicial to him in his bill of exceptions thereafter duly allowed. The case is now before this court upon said bill of exceptions, this being the only exception in the case.

(1) The demurrer raises the sole question—whether the declaration clearly and specifically points out actionable negligence on the part of the defendant. The second question suggested upon the plaintiff's brief, whether, as the declaration shows that the plaintiff was riding as a passenger in the wagon which was struck by the defendant's car, he is or is not obliged to negative, by allegation and proof, the negligence of the driver of the wagon, is not raised by the demurrer and will not be considered by this court.

The declaration, in our opinion, shows, with sufficient clearness, negligence upon the part of the defendant in that its motorman, without notice or warning, drove its car into a rear-end collision with the wagon in which the plaintiff was a passenger.

The essential allegations of the declaration are: "The defendant company was the owner . . . of certain rails and railway tracks then and there laid; to wit, in Main street, a public highway in said Pawtucket, and was then and there the owner . . . of certain electric cars . . .

then and there operated over and along said rails and tracks laid in said Main street . . . And the plaintiff avers that, to wit, on the day and date aforesaid, *he was then and there in the exercise of due care upon his part all the while and was then and there carried as a passenger in a certain wagon then and there driven by, to wit, said Flora Gibbons, over which driver the plaintiff avers he had no control* . . . and which said wagon was then and there being driven in a northerly direction along said Main street, to wit, near the junction therewith of Pawtucket avenue (another public highway in said Pawtucket), when suddenly, *without any notice or warning,* the defendant operated one of its said cars over its rails and tracks along said Main street, approaching from the rear the wagon in which the plaintiff was riding; and said defendant so negligently managed, operated and controlled said car that the same struck and collided with said wagon so that the same was broken and demolished and the plaintiff was thrown therefrom with great force and violence," etc.

Such averments have frequently been held by this court to constitute sufficient allegations of negligence in the defendant.

The charge of negligence in the declaration briefly stated is that the car of the defendant company, moving in the same direction as the wagon in which the plaintiff was riding, overtook the wagon without giving notice or warning of its approach and collided with the wagon.

In the case of *Parker* v. *Prov. & Stonington S. Co.,* 17 R. I. 376, upon demurrer to a declaration in trespass on the case for negligence in a collision of vessels on the public waters of the State, the rules in relation to the necessary allegations of the declaration are set forth as follows:

"May 29, 1891. *Per Curiam.* The court is of opinion that the declaration sufficiently states a cause of action, by setting forth that the defendant's servants so negligently and carelessly managed and navigated its steamer that it ran upon and sank the vessel of the plaintiff's testator.

This is the usual form of charging negligence in cases of highway collisions. The essential facts with reference to negligence are, *first*, plaintiff's right to the highway; *second*, in the exercise of due care; and *third*, defendant's interference with plaintiff's right by running into him. The defendant objects to this declaration upon the ground that it does not state in what the negligence consisted, and so does not inform him of the particular case he is called upon to answer, nor sufficiently protect him for the future in case of judgment. Undoubtedly a full statement to this extent is generally necessary, for in most cases there would be no case stated without it. Negligence consists in omitting to do a duty, or in doing it so carelessly as to bring injury to another. Ordinarily, therefore, unless the particular duty and its breach are set forth in the declaration, no negligence appears. These are the backbone of the declaration, without which it cannot stand.

"The details which prove the negligence need not be set forth, but there must be an averment of facts showing the duty and the general manner of its breach, or else no case is stated. But in collisions the force and injury are direct and, except where the injury is caused by the carelessness of a servant, an action of trespass may generally be maintained, in which the averment of the force alone would be sufficient. I Chitty on Pleading, *127, 2 Ib. *713, *860. In collisions, it is almost impossible to do more than state the fact that, while upon a highway, in the exercise of due care, the plaintiff was run into by the defendant. This raises a presumption of negligence, nothing appearing to the contrary, because of the defendant's control of the agent of the injury, and because such accidents do not occur without negligence. The plaintiff can seldom know or state just how it was done, whether by carelessness in one way or another, or even by design.

"In the case at bar, the plaintiff can neither be expected nor required to state in what particular way the defendant's servants on another boat were negligent. It is enough to

state facts which naturally or necessarily raise a presumption of negligence."

And to the same effect, following the last cited case, is *Goldrick* v. *Union R. R. Co.*, 20 R. I. 128, In both of these cases the allegations of the declarations were essentially similar to those in the case at bar, where there is a collision alleged, with sufficient clearness to show that it was a rear-end collision, brought about by the negligence of the defendant without warning of approach, under such circumstances as to preclude the plaintiff from stating more facts regarding it than appear upon the face of the declaration.

Reference is also made to the following cases, where upon proof of a state of facts, similar to those alleged in this declaration, relating to rear-end collisions, this court held such facts, as proved, to be sufficient evidence of negligence.

In the case of *Pawtucket Baking Company* v. *The R. I. Co.*, 32 R. I. 517, 519, this court held that a motorman who drives his car into a rear-end collision with a wagon upon the highway, without warning or notice of its approach was guilty of a reckless act; speaking through Mr. Justice Blodgett, the opinion holds as follows: "Inasmuch as the defendant offered no defence we thus have presented affirmative testimony showing that the defendant's car collided with the rear of the plaintiff's covered wagon while being driven on the car track at about 9.30 P. M., and that no bell was rung to give warning of the approaching car. The record is silent as to whether the plaintiff looked or did not look to the rear for approaching cars, as it is silent as to the rate of speed of the car at the street crossing in question, the distance from the wagon at which the motorman first saw the wagon on this unbroken stretch of straight track of a quarter of a mile, as also it fails to show that the motorman made any, even the slightest, effort to stop the car at any time or even whether his headlight was burning or not. So far as appears from this record in which the defendant has not seen fit to offer any explanation of the cause of the

accident, it appears to have been a reckless act of the motor-- man in simply running down, from the rear, the plaintiff's wagon which was lawfully on the highway at that time and place, without notice or warning of any kind."

In *Dyer* v. *Union Railroad Co.*, 25 R. I. 222, this court in considering a rear-end collision said, "but a consideration of the evidence shows that the negligence of the defendant was so clearly established that a new trial would be of no avail, since it clearly appears that the plaintiff was over- taken from the rear by the car of the defendant company, which was then running at a high and excessive rate of speed."

While in the case at bar, there is no allegation with re- ference to the rate of speed at which the car was running, there is an allegation that the "defendant so negligently managed, operated and controlled said car that the same struck and collided with said wagon," etc.

We are of the opinion that the declaration clearly and sufficiently sets forth a *prima facie* case of actionable negli- gence, and that the Superior Court erred in sustaining the demurrer. The plaintiff's exception is therefore sus- tained, and the case is remitted to the Superior Court, with direction to enter its order overruling the demurrer and for further proceedings.

*John W. Hogan, Philip S. Knauer*, for plaintiff.
*Joseph C. Sweeney, G. Frederick Frost*, for defendant.